Minute Order Form (06/97)

JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50234 | **DATE** | 7/6/2004 |
| **CASE TITLE** | Raab vs. Blackhawk Area Credit | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court grants defendant's motion for summary judgment as to Count I of the amended complaint, remands Count III to the circuit court of Stephenson County, and dismisses this cause in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | 7-7-04 date docketed | 27 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | 7-7-04 date mailed notice | |
| ✓ | Copy to judge/magistrate judge. | | | |
| LC | courtroom deputy's initials | 2004 JUL -6 PM 4:23 Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Kelly Raab, filed a two- count complaint (removed here from the circuit court of Stephenson County) against her former employer, the Blackhawk Area Credit Union (defendant), alleging in Count I discrimination and retaliation based on her pregnancy and in Count II retaliation based on the exercise of her rights under the Family Medical Leave Act. Plaintiff subsequently filed an amended complaint which added a supplemental claim under the Illinois Wage Payment Act (820 ILCS 115/1et seq. (West 2002)) in Count III. Plaintiff earlier in these proceedings moved to dismiss voluntarily Count II, which this court granted, and defendant has now moved for summary judgment as to Count I.

Summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Lucas v. Chicago Transit Authority, 367 F. 3d 714, 720 (7th Cir. 2004). In ruling on such a motion, the court must construe all facts in a light most favorable to the non- moving party as well as view all reasonable inferences in that party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Strict compliance with LR 56.1 is required, and a partial denial of a factual statement without specificity will be deemed an admission of that fact. Smith v. Lamz, 321 F. 3d 680, 683 (7th Cir. 2003). The court also disregards those portions of a plaintiff's submitted affidavits that contradict prior deposition testimony. Kalis v. Colgate- Palmolive Co, 231 F. 3d 1049, 1055 (7th Cir. 2000). Here, the court considers admitted all of defendant's factual statements that plaintiff partially denied without specifying which part of the statement is being denied. The court also disregards those portions of plaintiff's and Kirk Raab's affidavits that are inconsistent with their previous deposition testimony. The court is also dubious of plaintiff's tactic of announcing its reliance on the direct method of proof in its response brief and then attempting to support that theory with post- deposition affidavits. Such an approach hints of litigation by ambush.

Turning to the merits of plaintiff's claims in Count I, plaintiff relies on three instances of alleged discrimination: her removal as acting president, the failure to promote her to the permanent position of president, and her termination from employment. Defendant initially contends that the first two instances are barred by the 300- day limitation period applicable to a Title VII claim. See Lucas, 367 F. 3d at 720. Plaintiff concedes her claim is time- barred to the extent it is based on her removal as acting president. As for the failure to promote claim, the court finds it is not time- barred as the undisputed evidence shows plaintiff was not aware of defendant's decision until December 6, 1999, within 300 days of her filing her charge of discrimination.

The court grants summary judgment in favor of defendant to the extent Count I is based on retaliation as there is no evidence that plaintiff ever engaged in any protected activity related to her pregnancy. See Wyninger v. New Venture Gear, Inc, 361 F. 3d 965, 981 (7th Cir. 2004). Thus, plaintiff cannot establish a claim of retaliation either directly or via the indirect approach. See Wyninger, 361 F. 3d at 981.

That leaves plaintiff's claim that she was discriminated against based on her pregnancy when defendant failed to promote her to president and when defendant terminated her from her position as vice- president of operations.

There are two ways a plaintiff may establish a case of pregnancy discrimination in order to avoid summary judgment; either using the indirect or the direct methods. Marshall v. American Hospital Assoc., 157 F. 3d 520, 525 (7th Cir. 1998). Under the direct method, the approach exclusively relied on by plaintiff here, a plaintiff must offer either direct or circumstantial evidence to create a triable issue of fact as to whether pregnancy was a motivating factor in the adverse employment decision. Marshall, 157 F. 3d at 525.

Plaintiff has not shown any direct evidence such as an acknowledgment on the part of defendant of discriminatory intent. See Marshall, 157 F. 3d at 525. The statements made by the board members are at best circumstantial evidence of discrimination.

Under the circumstantial evidence option of the direct method, there are three types of evidence that will suffice. Marshall, 157 F. 3d at 525. The first consists of suspicious timing, ambiguous statements, behavior toward or comments directed at other employees in the protected group and other "bits and pieces" from which an inference of discrimination might be drawn. The second is a showing that other, similarly situated, non- pregnant employees received systematically better treatment. The third is evidence that the plaintiff was qualified for the job but passed over in favor of a person not having the particular characteristic (pregnancy) and that the stated reason for the employer's decision is not worthy of belief, a mere pretext.

In this case, plaintiff has no evidence of a similarly situated, non- pregnant person being treated more favorably than plaintiff. While plaintiff has shown that she was passed over for the promotion in favor of a non- pregnant individual, she has offered no evidence that defendant's reason for doing so, the superior qualifications of Wisowaty, was pretextual.

Instead, plaintiff hangs her hat on the statements made by the two board members. This evidence is of no avail to plaintiff in terms of her claim of discriminatory discharge, however, as it is undisputed that Wisowaty, the new president, was the sole decision maker in that regard. There is absolutely no connection between the statements and Wisowaty's decision to terminate plaintiff.

As for the decision not to promote plaintiff to president, the isolated statements are insufficient to present a triable issue of fact. While the statements are at least arguably inappropriate in today's workplace, there is ample evidence that the reason for plaintiff not being promoted was the deluge of critical letters from fellow employees about how plaintiff handled the acting presidents' job combined with her lesser (as compared to the other candidates) qualifications. Further, plaintiff points to no evidence that any of the remarks were in any way connected to the ultimate decision not to promote her. Where the purported direct evidence is purely circumstantial, the evidence as a whole may be so one- sided as to allow a defendant to prevail as a matter of law. See Sangvhi v. St. Catherine's Hospital, Inc., 258 F 3d 570, 575 (7th Cir. 2001). Such is the case here.

For the foregoing reasons, the court grants summary judgment in favor of defendant as to Count I of plaintiff's amended complaint, and, pursuant to its discretion under 28 U.S.C. § 1367(c), remands Count III to the circuit court of Stephenson County.